STATE OF MAINE                                                        SUPERIOR COURT
PENOBSCOT, SS.                                                        Docket No. CV-00-53

Ona Louise Henderson,
          Plaintiff

          v.

Ray Dell Henderson et al.,
          Defendants



FILED AND ENTERED
SUPERIOR COURT

AUG 0 9 2001

PENOBSCOT COUNTY
DECISION AND JUDGMENT

*TITLE TO REAL ESTATE INVOLVED*

Hearing on the pending complaint was held on July 10 and 19, 2001. On both hearing dates, the parties were present with counsel.

Ona and Ray were married between 1971 and 1999, when they were divorced in the Maine District Court. From the time they were married until 1989, they lived out of state. In 1989, motivated by an interest in resolving problems in their marriage, they moved to Main and lived in a motor home on property, consisting of two lots, that was owned by Ray's employer, David Smith. Within a short period of time, Smith conveyed the realty to Ray. *See* plaintiff's exhibit 1. Ray and Ona continued to live on the property.

Problems in the marriage between Ona and Ray re-emerged while they resided in Maine. Ray consulted with an attorney about divorce proceedings, and by a complaint dated September 9, 1994, he filed for divorce. *See* plaintiff's exhibit 3. Three days after the date of the divorce complaint, Ray caused a deed to be recorded in the Penobscot County Registry of Deeds. *See* plaintiff's exhibit 2. In that deed, Ray conveyed to

1

his mother, Betty Adams, the two parcels of real estate that he had received from David Smith.[1] The deed is dated May 10, 1994. Ray received no consideration from his mother in exchange for the property which, several years later, had a tax assessed value of $85,000.

Despite the pendency of the divorce proceeding, Ona and Ray reconciled and continued in their marital relationship until 1999. Then, the couple separated finally. Ray then pursued the divorce action. While preparing for the divorce hearing in 1999, Ona first learned from town officials that Ray had conveyed the real estate to his mother five years earlier. Hearing was held on the divorce complaint, and the parties were divorced in late December 1999. *See* defendant's exhibit 1. Because the Levant property was not owned by a party to the divorce proceeding, the divorce decree could not and did not dispose of that asset. Thus, in the context of this separate action in which the parties to the 1994 conveyance have the right to participate and be heard, Ona seeks to set aside the conveyance or obtain relief based on that transfer.

Under the Uniform Fraudulent Conveyance Act ("the Act"), a transfer of property or assets may be voided as fraudulent if the transfer was made "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor. . . ." 14 M.R.S.A. § 3575(1)(A). A "claim" is defined in the Act as "a right to payment, whether or not the right is reduced to judgment, . . . .contingent,. . . .matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 14 M.R.S.A. § 3572(3). A "creditor" is "a

---

[1]Betty Adams was named as a defendant in this action. She died in April 2000. Subsequently, her estate became a party when Ray appeared in his capacity as personal representative. (He also appears in this action in his individual capacity.) A default was entered against the estate because it never filed an answer to the plaintiff's complaint.

2

person who has a claim," and a "debtor" is defined as one "who is liable on a claim." The court finds from these statutory definitions that the Act is available to void a spouse's fraudulent transfer of marital assets out of the marital estate in an attempt to defeat the other spouse's marital interest in that asset.

The court further finds that those circumstances exist here. Despite Ray's contention that he acquired the property on behalf of his mother and, in 1994, simply formalized the plan under which the property would become hers, Ray's actions in recording the deed to his mother within days of commencing a divorce action against Ona establishes clearly and convincingly (that is, to a high probability, *see Tuttle v. Raymond*, 494 A.2d 1353, 1363 (Me. 1985)) that his intent was to protect the property for himself from any direct or indirect claims that Ona could make during the divorce proceeding.

The most appropriate form of relief in these circumstances is to avoid the transfer. This has the effect of putting the property back into the marital estate and subject to division as part of the divorce proceeding, or subject to any other disposition available under Maine law, if either party wishes to invoke such mechanisms of relief. As one form of relief (and perhaps as the one she prefers), Ona seeks a money judgment equivalent to half of the value of the property. However, marital property is to be divided in a way that is "just." 19-A M.R.S.A. § 953(1). If the real estate had not been removed fraudulently from the marital estate, then its disposition would have been controlled by that principle as part of the overall allocation of marital assets and debts. A "just" division may -- or may not be -- an equal division. *Doucette v. Washburn*, 2001 ME 38, ¶ 24,

3

766 A.2d 578. Thus, the court declines to grant ultimate relief on a basis that *may* be significantly different than would have controlled in the absence of Ray's actionable conduct. The court recognizes that this resolution is not the easiest or most efficient. It may trigger the omitted property provisions of 19-A M.R.S.A. § 953(9),[2] which will consume further resources of the parties and of the judiciary. However, an award of money damages in the case at bar could well fail to take into consideration the important principles and interests embodied in the concepts of marital property division.

In attempting to place the real estate beyond Ona's reach, Ray acted with ill will and malice. Further, his conduct warrants a judicial response that create deterrence from similar future conduct carried out either by this defendant or by others. *See Tuttle*, 494 A.2d at 1355. In light of the nature of Ray's conduct and his financial condition as revealed by this record,[3] the court imposes punitive damages of $10,000.

The entry shall be:

For the foregoing reasons, judgment is entered for the plaintiff and against both defendants. The conveyance of real property located in Levant from Ray Dell Henderson to Betty L. Adams, as further described in

---

[2]That statute also provides that the parties now own the property as tenants in common.

[3]The punitive damage analysis "should" consider the tortfeasor's financial condition and the resulting effects that an award of punitive damages would have on him. *Caron v. Caron*, 577 A.2d 1178, 1180 (Me. 1990). Here, the 1999 divorce decree awarded him both assets and debts. Additionally, he now holds a one-half interest in the Levant property as a tenant in common with Ona. When viewed in conjunction with other relevant factors, this evidence of Ray's financial condition, limited as it is, is sufficient to support consideration of punitive damages.

4

a deed recorded at book 5715 page 1 in the Penobscot County Registry of Deeds, is voided and is of no force and effect. Pursuant to 19-A M.R.S.A. § 953(9), Ona Louise Henderson and Ray Dell Henderson are deemed to be tenants in common of said property.

Defendant Ray Dell Henderson is liable to the plaintiff for punitive damages in the amount of $10,000, with interest at the statutory rate.

The plaintiff is awarded her costs of court.

Dated: August 8, 2001

_____
JUSTICE, SUPERIOR COURT

5

Date Filed __3/20/00__ __Penobscot__ Docket No. __CV-2000-53__
County

Action __Civil - Damages__

JUSTICE JEFFREY L. HJELM, SPECIALLY ASSIGNED.

*RAY DELL HENDERSON, Personal Representat
of Estate of Betty L. Adams sub. on 8/4/
RAY DELL HENDERSON

ONA LOUISE HENDERSON          vs. *BETTY L. ADAMS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| WEATHERBEE, WOODCOCK, BURLOCK & WOODCOCK<br>P O BOX 1127<br>BANGOR, ME 04402-1127<br>BY: PETER M. WEATHERBEE, ESQ | FERDINAND A. SLATER, ESQ.<br>HC 77 BOX 190, HANCOCK, ME 04640<br>FOR: Ray Dell Henderson<br>5 SCHOOL STREET, ELLSWORTH ME 04605 (7/20/ |

| Date of Entry | |
|---|---|
| 3/20/00 | Complaint filed by Plaintiff. |
| 3/22/00 | Case file notice mailed to Plaintiff's Counsel. |
| 3/30/00 | Officer's Return of Service as to Defendant Betty L. Adams filed. (s.d. 3/23/00) |
| 3/30/00 | Officer's Return of Service as to Defendant Ray Dell Henderson filed. |
| 4/4/00 | Answer of Defendant, Defenses and Motions Under M.R. Civ.P. Rule 12 filed by Defendant Ray Dell Henderson. |
| 4/4/00 | Entry of Appearance of Ferdinand A. Slater, Esq. on behalf of Defendant Ray Dell Henderson filed. |
| 4/10/00 | Scheduling Order filed. Discovery Deadline is January 1, 2001. (Hjelm, J, Specially Assigned Justice). Copy forwarded to attorneys of record. |
| 5/11/2000 | Suggestion of Death Upon the Record (Betty L. Adams) Filed. |
| 5/11/2000 | Opposition to Plaintiff's Request for Default and Default Judgment Filed by Defendant Ray Dell Henderson. |
| 5/11/2000 | Affidavit and Request for Default and Default Judgment as to Defendant Betty L. Adams Filed. |
| 5/11/2000 | Affidavit of Plaintiff Ona Louise Henderson Filed. |
| 5/12/00 | File presented for review of request for default and default judgment. |
| 5/12/00 | File returned - hearing on Request for Default and Default Judgment as to Betty Adams, to be scheduled. |

-OVER-